**Ted L. STEEPLES and Dorothy A. Steeples, Plaintiffs,**

v.

**TIME INSURANCE COMPANY, a corporation, and Albert Darrell Smith, an individual, and Saundra V. Smith, an individual, Defendants.**

**No. 91–C–0064–C.**

United States District Court, N.D. Oklahoma.

Sept. 30, 1991.

Patrick E. Carr and Sidney Martin, Tulsa, Okl., for plaintiffs.

Jo Anne Deaton, Tulsa, Okl., for defendant Time Ins. Co. Corp.

James A. Jennings and J. William Archibald, Oklahoma City, Okl., for defendants Albert and Saundra Smith.

### ORDER GRANTING PLAINTIFFS' REQUEST FOR JURY TRIAL

JOHN LEO WAGNER, United States Magistrate Judge.

This order pertains to Plaintiffs' Request for a Jury Trial (Docket # 3)[1], which has been referred for disposition. A hearing was held on September 3, 1991, and oral arguments were heard.

This case was initially brought in state court, where Plaintiffs claimed breach of contract, bad faith, intentional infliction of emotional distress, and fraudulent misrepresentation, stemming from the refusal of Defendant Time Insurance Company ("Time") to pay benefits on a medical insurance policy offered through Plaintiff Ted Steeples' employer. Defendant Time removed the case to federal court, citing the Employment Retirement Income Security

---

1. "Docket numbers" refer to numerical designations assigned sequentially to each pleading, motion, order, or other filing and are included for purposes of record keeping only. "Docket numbers" have no independent legal signifi-cance and are to be used in conjunction with the docket sheet prepared and maintained by the United States Court Clerk, Northern District of Oklahoma.

Act (ERISA), Sections 502 and 514, 29 U.S.C. Sections 1132 and 1144, as the basis of jurisdiction. Plaintiffs have requested a jury trial and Defendants object.

Plaintiffs, the Steeples, claim that Defendant Albert Darrell Smith ("Smith"), as Defendant Time's agent, helped them complete an application form for health insurance through Defendant Time. The insurance replaced health insurance previously provided by another carrier. The ensuing policy contained a clause regarding coverage of pre-existing conditions. Plaintiff Dorothy Steeples suffered blocked heart arteries after the policy was effective, but coverage was denied, the policy was canceled, and the premiums were returned upon a determination that a pre-existing heart condition was not disclosed on the application. Plaintiffs claim that this failure to disclose was based on instructions from Defendant Smith. Plaintiffs have requested actual damages for medical expenses of $52,554.95, as well as punitive damages, attorney fees, and costs.

## THE CONSTITUTIONAL RIGHT TO A JURY TRIAL

Plaintiffs argue that they are entitled to a jury trial under the Seventh Amendment to the U.S. Constitution which states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." "[T]he phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Local No. 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). Defendants argue that the relief sought by plaintiffs and provided by Congress through ERISA is equitable and, as such, a jury trial is inappropriate and

not guaranteed by the Seventh Amendment. Plaintiffs argue that this is a contract dispute, a traditionally common law cause of action existing before ERISA, and that jury trial is not precluded by ERISA.

### ERISA

ERISA Section 502, 29 U.S.C. § 1132, empowers ERISA plan participants and beneficiaries to bring civil actions to seek any of three categories of relief. Subsection (a)(1)(A) allows participants and beneficiaries to demand information required in subsection (c). Under subsection (a)(3) they may enjoin "any act or practice" or seek "other appropriate equitable relief." These two subsections provide relief that seems clearly equitable. These subsections, however, are not at issue here. The third form of relief authorized by the statute is contained in subsection (a)(1)(B). It allows a participant or beneficiary "to recover benefits due to him ..., to enforce his rights ..., or to clarify his rights...." It is upon the first clause of that subsection that this case is based.

The clear weight of authority is against allowing jury trials in ERISA matters. Eight federal circuit courts have ruled that jury trials under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), are not required by the Seventh Amendment because the remedy provided is equitable in nature. *Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46 (3d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986)[2]. Because of the numerous cases holding that ERISA is an equitable statute, many courts have made that assumption.

The Tenth Circuit, however, has not ruled on this issue, nor has the Supreme Court. The Supreme Court has denied certiorari in some of the cases and denial of certiorari is sometimes taken as tacit approval of the decision made. Recent Supreme Court decisions, however, have pro-

---

**2.** *See also Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003 (4th Cir.1985), *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984), *Katsaros v. Cody*, 744 F.2d 270 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), *In re Vorpahl*, 695 F.2d 318 (8th Cir.1982), *Calamia v.* *Spivey*, 632 F.2d 1235 (5th Cir.1980), *Wardle v. Central States Pension Fund*, 627 F.2d 820 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), and *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987).

vided more concrete guidance. The Supreme Court has said "courts are to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987)). In considering this and related issues, the Supreme Court and the circuits have examined the historical basis for the underlying cause of action in determining ERISA-related causes.

The issue in this case is narrow. Is an ERISA Section 502(a)(1)(B) action, brought to recover benefits under a medical insurance plan, equitable, to be decided by a judge, or legal, entitling plaintiffs to a jury trial?

### FEDERAL CIRCUIT COURTS AND ERISA

Very few of the circuit courts which have found that Section 502(a)(1)(B) actions are equitable have been examining actions for benefits under medical insurance plans.

In *Wardle v. Central States Pension Fund*, 627 F.2d 820, 829 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), the Seventh Circuit held that an action for pension benefits was traditionally equitable and remained so under ERISA, there being no indication otherwise in the statute. The Fifth Circuit, in *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980), followed *Wardle's* reasoning.

The Tenth Circuit has cited *Wardle* with approval. *Anthony v. Texaco, Inc.*, 803 F.2d 593, 598 (10th Cir.1986). The case, however, was an appeal of the issuance of preliminary injunctions in an ERISA action for severance pay benefits and injunctive relief. There was no jury issue, nor did the court hold that ERISA provides solely equitable relief, only that equitable relief was proper in ERISA cases where irreparable harm was adequately established. *Id.* at 599.

In re *Vorpahl*, 695 F.2d 318 (8th Cir. 1982), which also involved a pension plan, was actually decided on a procedural basis. The plaintiffs had originally sought equitable remedies and did not seek damages based on breach of contract until after their request for a jury trial was denied, when they sought a writ of mandamus. In addition to refusing the writ on that procedural basis, the Eighth Circuit noted that matters dealing with retirement programs had been traditionally viewed as equitable. *Id.* at 322.

In *Katsaros v. Cody*, 744 F.2d 270 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), also dealing with a pension fund, the Second Circuit affirmed the district court's denial of a jury trial. The court did not hold that ERISA provided only for equitable remedies. Instead, it based its holding on the fact that the claim was for equitable relief "as distinguished from damages for wrongdoing or *non-payment of benefits.*" *Id.* at 278 (emphasis added).

In *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003 (4th Cir.1985), a suit for long-term disability benefits, the Fourth Circuit found error when the trial judge sent the matter to a jury. The basis for the holding in *Berry* is now invalid; yet it is instructive for that very reason. The circuit court held that ERISA matters should not go to a jury because the standard of review, arbitrary and capricious, was incompatible with the jury scheme. The court reasoned that the presumption of correctness was not easily explained to a jury untrained in the law. *Id.* at 1007. That standard of review is no longer valid, since the Supreme Court held that *de novo* is the appropriate standard of review for ERISA actions in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

The Ninth Circuit has recognized that there is no "independent constitutional or statutory right to jury trial in ERISA actions." *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985) (reiterated in *Nevill v. Shell Oil Co.*, 835 F.2d 209, 213 (9th Cir.1987)). This was dicta in *Blau*, an employee welfare case,

the issue having been resolved on other grounds, and was simply stated with no discussion or reasoning in both *Blau* and *Nevill.*

*Howard v. Parisian, Inc.,* 807 F.2d 1560, 1567 (11th Cir.1987), the only case involving a suit for health care benefits, dealt with the issue in a similar way. In an interlocutory appeal, the Eleventh Circuit held that it did not have jurisdiction to decide the appeal of the trial court's denial of a jury trial. The court did cite several of the cases discussed above, but only to state that it saw no widespread disagreement as a basis for jurisdiction to decide the issue on an interlocutory basis.

These cases illustrate that the question of a jury trial under ERISA with regard to a suit for health benefits is unclear. Although some circuits have made broad-based holdings such as "the section 502(a)(1)(B) cause of action for the recovery of benefits [is] equitable in nature," *Pane v. RCA Corp.,* 868 F.2d 631, 636 (3d Cir. 1989), that holding has not been in the context of a claim for health insurance benefits against the insurance company. Nor have all opinions been so broad. *See Katsaros,* 744 F.2d at 278.

A newer generation of cases have relied on the assumption from these older cases that ERISA causes of action should not be tried by jury. In *Blake v. Unionmutual Stock Life Ins. Co. of Amer.,* 906 F.2d 1525, 1526 (1990), the Eleventh Circuit decided that, despite *Firestone's* change in the standard of review, ERISA claims for medical benefits were not legal claims, and the plaintiffs were not entitled to a jury trial. The court saw the claim for benefits as, in effect, an enforcement action. "Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimant were still under treatment, only an order for continuing benefits would be sufficient. This is traditionally equitable relief so that the cases relied upon by the appellants are not applicable." *Blake,* 906 F.2d at 1526. With all due respect to the Eleventh Circuit, its reasoning is not compelling. Cast in that light, almost any breach of contract case could be turned into an equitable matter. Even if Blake's expenses were ongoing, a damage award based on the present value of expected future expenses was certainly possible.

*Cox v. Keystone Carbon Co.,* 894 F.2d 647 (3d.Cir.1990), cited by Defendant Time did not provide any new reasoning, relying on *Turner,* 770 F.2d at 46, and *Pane,* 868 F.2d at 636. *Pane* cited *Turner* in holding that Section 502(a)(1)(B) does not provide a jury trial. *Turner,* an action for benefits under a pension plan, relied on the circuit cases cited above and an analogous case of its own, *Nedd v. United Mine Workers of America,* 556 F.2d 190 (3d Cir.1977). *Nedd,* however, was an action under Section 301 of the Labor Management Relations Act, in which the court found that the remedies provided were equitable rather than legal. Under the ruling in *Local 391 v. Terry,* 494 U.S. at 563–64, 110 S.Ct. at 1344, discussed below, however, that premise is not always true. In that case, plaintiffs in a section 301 action were entitled to a jury trial because the Supreme Court concluded that the nature of the remedy sought, backpay and benefits, was clearly legal.

Furthermore, in *Sheet Metal Workers Local 19 v. Keystone Heating and Air Conditioning,* 934 F.2d 35 (3d Cir.1991), the Third Circuit found a right to a jury trial under Section 501(g)(2) of ERISA because of the statutory language. So, even though the Third Circuit has not found a right to a jury trial under section 502(a)(1)(B), it has not held that jury trials are never available under ERISA.

## RELATED SUPREME COURT CASES

Although the circuit courts which have dealt with the issue have not yet found a right to a jury trial under Section 502(a)(1)(B) in most cases, recent decisions of the Supreme Court indicate that there may be a right, at least where the underlying cause of action is traditionally a legal one.

The first case indicating this was *Firestone Tire and Rubber Co.,* 489 U.S. at 110, 109 S.Ct. at 953–54. The case had

nothing to do with jury trials, but it did address ERISA and traditional principles regarding trust and contract law. The issue, as mentioned above, was the standard of review that courts should apply to a trustee's denial of benefits in an ERISA-regulated plan. As with the issue at hand, the law was unclear; circuits and district courts had become divided, although most had settled on the arbitrary and capricious standard, upon the assumption that a trustee's exercise of discretionary power should not be closely scrutinized.

In holding that district courts should review a denial of benefits using a *de novo* standard, the Supreme Court in *Firestone Tire and Rubber Co.* looked to the common law in place before ERISA was enacted, and then to the purposes of ERISA. Stating that the *de novo* standard was used by the courts to review employee benefit decisions prior to ERISA, the Court said, "Actions challenging an employer's denial of benefits before enactment of ERISA were governed by principles of contract law ... the court reviewed the employee's claim as it would have *any other contract claim*— by looking to the terms of the plan and other manifestations of the parties' intent." *Id.* at 111, 109 S.Ct. at 954 (emphasis added). In such cases, the trustee had no discretion in granting or denying benefits. The Court explained its reliance on pre-ERISA standards by looking to ERISA's purposes. "ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans,' ... and 'to protect *contractually defined* benefits,'.... Adopting Firestone's reading of ERISA would require us to impose a standard of review that would afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted." *Id.* at 111–112, 109 S.Ct. at 954–55 (quoting *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983) and *Massachusetts*

*Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985) (emphasis added).[3] Clearly the Supreme Court sees ERISA as maintaining the protection previously afforded plan participants and beneficiaries, and not reducing their existing rights.

The Supreme Court has also recently held that there is a right to a jury trial in a similar cause of action, which had previously been considered a non-jury matter. In *Local No. 391,* 494 U.S. 558, 110 S.Ct. 1339, plaintiffs sought backpay as relief for his union's alleged breach of the duty of fair representation under the National Labor Relations Act, 29 U.S.C. Section 159(a) (1982). Because the Seventh Amendment protects the right to a jury trial for legal causes only, the Court applied a two-part test to determine whether a particular action will resolve legal rights: (1) what is the nature of the issues involved, compared to the 18th century actions brought in the courts in England prior to the merger of law and equity, and (2) is the remedy sought legal or equitable in nature? The second part of the test is more important than the first. *Id.* 494 U.S. at 565, 110 S.Ct. at 1345.

In regard to the first part of the test, the union argued that the duty of fair representation was like a trustee's fiduciary duty, enforceable only through equity. The court responded " '[t]he Seventh Amendment question depends on the nature of the *issue* to be tried rather than the character of the overall action.' " *Id.* 494 U.S. at 569, 110 S.Ct. at 1347 (quoting *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)) (emphasis in original). Since the issue at hand was comparable to a breach of contract claim, a legal issue, the Court found that the plaintiff was entitled to a jury trial, despite the possible equitable character of the overall action. *Local No. 391,* 494 U.S. 558, 110 S.Ct. at 1347.

---

**3.** The Tenth Circuit has recently cited *Shaw* and *Massachusetts Mutual Life Ins. Co.* and recognized that the purpose of ERISA is "to protect contractually defined benefits." *See, Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma,* 944 F.2d 752 (10th Cir.1991), where

the court held that a state court action for promissory estoppel, brought by a third party health care provider against the provider of medical coverage under an employee benefits plan, was not pre-empted by ERISA.

The Court then considered the second part of the test, the nature of the remedy sought. Although relief in the form of money damages is traditionally offered in courts of law, the Court specifically refrained from holding that it is always and only a legal relief. The Court then referred to Justice White's dissent in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). *Local No. 391*, 494 U.S. at 570, 110 S.Ct. at 1347. *Granfinanciera*, a Chapter 11 action by a bankruptcy trustee to void allegedly fraudulent transfers, held that parties in such cases were entitled to jury trials. The issue in the case was much the same as in this case: Is this an equitable or legal cause of action? The Court in *Granfinanciera* started with the assumption that, generally, a claim for money damages is legal and that where legal relief is available, equity will not lie. *Granfinanciera*, 492 U.S. at 47, 109 S.Ct. at 2793.[4] In his dissent, Justice White takes issue with the Court's apparent assumption. Yet, the examples he cites are all restitutionary, in that they deal with specific funds: disgorging improperly gained profits, returning funds rightfully belonging to another, or submitting funds wrongfully withheld. *Id.* 492 U.S. at 51, note 9, 109 S.Ct. at 2814, note 9 (White, dissenting) (citations omitted).[5]

In *Local No. 391*, 494 U.S. at 570–71, 110 S.Ct. at 1348, the Supreme Court listed only two exceptions to the general rule that damages are a legal remedy: those cases described in Justice White's dissent in *Granfinanciera*, where damages are purely restitutionary, and those cases where damages are incidental to injunctive relief.

## CONCLUSION

In the absence of clear precedent, binding or otherwise, or statutory language, the court must rely on the test clarified in *Local No. 391:* (1) what is the nature of the issues involved, and (2) what is the nature of remedy sought? *Id.* 494 U.S. at 565, 110 S.Ct. at 1345.

First, this suit seeks damages for an alleged breach of a contract to provide insurance. Breach of contract claims are legal issues. *Id.* 494 U.S. at 569–70, 110 S.Ct. at 1347. That ERISA as a whole generally deals with trust and fiduciary issues is not determinative of the nature of this particular issue. The defendant insurance company had no discretion regarding the approval or denial of the benefits sought. As the court in *Firestone* noted, the absence of discretion makes this like "any other contract claim." 489 U.S. at 112, 109 S.Ct. at 955. The Supreme Court has made it clear that it is the character of the issue rather than that of the overall action that determines the first question. *Local No. 391*, 494 U.S. at 569–70, 110 S.Ct. at 1347. This is simply a case where, because of a dispute as to the terms of the contract, one party has refused to perform. There is no aspect of a trust relationship involved. In short, this is a breach of contract action that happens to fall within the aegis of ERISA. That the court finds that this is a breach of contract case is not, however, the end of the inquiry. The second half of the test remains.

The second, and more important, determination is the nature of the remedy sought. Plaintiffs seek a sum certain in damages stemming from Defendant Time's alleged breach of contract. Damages are, as a general rule, a legal remedy. *Id.* The

**4.** In *Granfinanciera*, 109 S.Ct. 2782, 2795–2797, the Court discussed the "public rights" doctrine, whereby Congress can create a new right, similar to a pre-existing legal right, and assign the new cause of action to an administrative agency, thereby precluding jury trial. It is in this discussion that the phrase appears "and not closely intertwined with a federal regulatory program," which is mentioned by counsel for Defendant Time in her brief at page 4 (Docket #12). Counsel argues that ERISA is such a regulatory program and that a jury trial is therefore precluded. What counsel fails to add is that the statement referred to regulatory programs entrusted to administrative and not judicial resolution. Such is certainly not the case here.

**5.** The last example may seem to be similar to this case, but it involved a question of statutory interpretation regarding sovereign immunity and Medicaid reimbursement. *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988).

damages sought do not fit either of the exceptions cited by the Supreme Court. They are not restitutionary, nor are they incidental to injunctive relief. Counsel for Defendant Time argues that Plaintiffs seek specific performance. Plaintiffs, however, do not seek reinstatement of the policy, nor any form of continuing coverage. They seek money damages alone, as measured by the amount of medical costs not paid by the insurer.

■ This cause of action for the payment of medical insurance benefits under ERISA is a legal cause of action. As a result, Plaintiffs have a constitutional right to a jury trial. This finding is supported by recent decisions of other federal district courts. No circuit courts, however, have yet ruled on the effect of this line of Supreme Court decisions, although the Eleventh Circuit in *Blake* decided that *Firestone* did not change that circuit's position.

In two cases, *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y. 1990) and *Weber v. Jacobs Mfg. Co.*, 751 F.Supp. 21 (D.Conn.1990), district courts have found that suits brought under ERISA section 510, regarding wrongful interference with benefits, are proper cases for the jury. Based on *Local No. 391* and *Firestone*, the courts have found that these causes of action, enforceable through the provision of section 502, are legal in nature because they involve wrongful termination and denial of benefits, both traditionally legal causes of action, with legal remedies. As the *Vicinanzo* court stated, "Taken together, the Supreme Court's recent cases suggest that statutory causes of action are rarely, if ever, beyond the reach of the Seventh Amendment. If the Bankruptcy Code [*Granfinanciera*] cannot be regarded as an inherently non-jury statute, it makes little sense to assume that ERISA involves exclusively equitable claims." 739 F.Supp. at 890.

*Vicinanzo* also points out another Supreme Court statement casting doubt on the way federal courts have been handling jury questions. In *Lytle v. Household Mfg., Inc.*, the Court observed in a footnote that it "has not ruled on the question

whether a plaintiff seeking relief under Title VII has a right to a jury trial.... [W]e express no opinion on that issue here." 494 U.S. 545, 549, 110 S.Ct. 1331, 1335, n. 1, 108 L.Ed.2d 504 (1990). As the court in *Vicinanzo* remarked, Title VII, "born of elitist mistrust of juries, and therefore bristling with equitable remedies—has long been regarded as a non-jury statute ... that only judges can be trusted to apply.... If this analysis is wrong—and the Supreme Court has now intimated as much—the error must lie in the practice of denying jury trials on the basis of supposed functional or practical considerations." 739 F.Supp. at 889.

In *Rhodes v. Piggly Wiggly Ala. Distrib. Co.*, 741 F.Supp. 1542 (N.D.Ala.1990), the court based its opinion on the historical basis of the Seventh Amendment in finding a right to a jury trial under ERISA. To do so, the court defied Eleventh Circuit precedent, finding that recent Supreme Court decisions overcame that binding precedent. Finally, *Gangitano v. NN Investors Life Ins. Co.*, 733 F.Supp. 342 (S.D.Fla.1990), directly on point with the case under consideration here, holds that there is a constitutional right to a jury trial in ERISA cases. The court found this based on *Granfinanciera* and *Local No. 391*, because plaintiff's claim was "nothing more than a breach [of] contract claim for the recovery of money damages." *Gangitano*, 733 F.Supp. at 343.

In conclusion, upon application of the test contained in *Local No. 391*, and in agreement with other district court holdings in light of that and the related Supreme Court opinions, I find that Plaintiffs have a right to a jury trial under ERISA section 502(a)(1)(B) for their suit seeking damages for the denial of medical insurance benefits. This matter is set for jury trial on June 15, 1992, at 9:30 a.m.