ADAMS, Glenn, et al., Plaintiffs,

v.

CYPRUS AMAX MINERAL COMPANY,
a Delaware corporation, and Helen
M. Feeney, Defendants.

Civil Action No. 96–K–71.

United States District Court,
D. Colorado.

Feb. 7, 1997.

James C. Mallon, Mallon and Associates,
P.C., Evergreen, CO, Peter B. Carey, Mi-
chael G. Connelly, Law Offices of Peter B.
Carey, Chicago, IL, John H. Lonnquist, John
H. Lonnquist, P.C., Littleton, CO, for Plain-
tiffs.

Charles W. Newcom, Sherman & Howard,
L.L.C., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION TO STRIKE JURY DEMAND

KANE, Senior District Judge.

Plaintiffs, thirty-nine former employees of
Amax Research and Development, Inc., a
wholly owned subsidiary of Amax, Inc., bring
this action under the Employee Retirement
Income Security Act of 1974, 29 U.S.C.
§ 1001 *et seq.* ("ERISA"), against Cyprus
Amax Minerals Company and plan adminis-
trator, Helen M. Feeney.

Jurisdiction exists under 28 U.S.C. § 1331
and ERISA 29 U.S.C. § 1132(e)(1).

Before me is Defendants' Motion to Strike
Jury Demand. I deny the motion.

## I. *Introduction.*

■ Plaintiffs seek to recover benefits allegedly due them under Amax Inc.'s Corporation Separation Policy for Corporate Employees, known as the Enhanced Severance Plan ("ESP") which provided enhanced severance benefits to certain employees of Amax Inc. in the event of a termination of their employment for certain reasons including a change in control of the company. The ESP constitutes an "employee welfare benefit plan as defined in ERISA, 29 U.S.C. § 1002(1).[1]

Plaintiffs' employment was terminated following a change in control of Amax Inc. caused by the merger of Amax Inc. into Cyprus Minerals Company. Cyprus Minerals Company changed its name to Cyprus Amax Minerals Company ("Cyprus Amax").

In Counts I through V Plaintiffs seek to recover monetary benefits under the ESP including severance pay, bonuses, health insurance benefits, life insurance benefits, and long-term disability benefits. The first two counts are for recovery of benefits and enforcement of rights under the terms of a plan under 29 U.S.C. § 1132(a)(1)(B), the third and fifth are for recovery of benefits based on the violation of claims procedure rights under § 1133 and under the ESP; and the fourth for breach of fiduciary duty under §§ 1104 and 1106. In Count VI Plaintiffs claim certain penalties for violations of ERISA from Feeney, the Plan Administrator under §§ 1132(a)(1)(A) and 1132(c).

In their answer, Defendants deny Plaintiffs are entitled to any severance benefits under the ESP or were ever eligible for the benefits which they seek and assert Plaintiffs have received full severance benefits under the Plans applicable to them as employees of Amax Research and Development, Inc. Defendants also raise a number of affirmative defenses.

In the Complaint, Plaintiffs demanded trial by jury on all counts seeking the benefits claimed to be due them under the ESP. I requested the parties to brief the issue of the right to a jury trial in an ERISA action. Defendants filed a Motion to Strike Jury Demand. Plaintiffs responded and Defendants replied.

In Plaintiffs' response, they withdrew their request for a jury trial on Count VI of the Complaint which seeks redress for a statutory violation which is expressly committed to the "court's discretion." *See* 29 U.S.C. § 1132(c).

## II. *Applicable Law.*

[2] The Seventh Amendment to the United States Constitution provides "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "[T]he phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) (quoting *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830)).

Defendants' position is that the relief sought by Plaintiffs and provided by Congress through ERISA is equitable and, as such, a jury trial is inappropriate and not guaranteed under the Seventh Amendment. Plaintiffs contend this is a contract dispute, a traditional common law cause of action, and a jury trial is not precluded by ERISA.

Section 502 of ERISA, 29 U.S.C. § 1132, empowers a plan participant or beneficiary to bring a civil action to seek any of three categories of relief. Section (a)(1)(A) entitles such plaintiff to demand information required

---

1. The definition section pertinently provides:

The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical ... benefits ... or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits.... or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions). 29 U.S.C. § 1002(1).

in subsection (c). Under subsection (a)(3), such plaintiff may "enjoin any act or practice" or "obtain other appropriate equitable relief." The relief provided in these two subsections is equitable.

It is, however, the third form of relief authorized by the statute in subsection (a)(1)(B), which is at issue here. It allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Although the Tenth Circuit has not ruled on the issue, nine other federal circuit courts have ruled that jury trials under 29 U.S.C. § 1132(a)(1)(B) are not required by the Seventh Amendment because the remedy provided is equitable in nature.[2]

The Supreme Court has not ruled directly on the issue. It has denied certiorari in some of the circuit court cases. However, as discussed below, some of the Court's decisions indicate that there may be a right to a jury trial under Section 502(a)(1)(B) where the underlying cause of action is traditionally a legal one.

In *Zimmerman v. Sloss Equipment, Inc.,* the Tenth Circuit declined to address the "thorny issue" of whether an ERISA plaintiff is entitled to a trial by jury because the plaintiff had not raised it in the course of the litigation until her appellate reply brief. 72 F.3d 822, 830 (10th Cir.1995). The court nevertheless made certain observations on the issue.

It noted that ERISA does not specify whether cases arising under section 502 are to be tried by jury, *id.* at 829, and that its legislative history did not provide any guidance, *id.* n. 3. " 'Congress expressed no opinion on the mode of trial intended for plan-enforcement actions.' " *Id.* (quoting *Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA,* 96 Harv.L.Rev. 737, 738, 741–43 (1983)).

Commenting that although some district courts had allowed jury trials,[3] the Tenth Circuit noted that (at that time) "at least eight circuits [had] held there [was] no such right." *Id.* at 829. Nevertheless, the court observed: "Many of the courts denying jury trials reasoned that such trials were incompatible with the application of the arbitrary and capricious standard of review, *see, e.g., Wardle,* 627 F.2d at 830, a consideration which no longer applies now that denial of benefits is subject to *de novo* review under *Firestone." Zimmerman,* 72 F.3d at 829.

*Zimmerman* was here referring to the holding in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), which had nothing to do with jury trials, but did address ERISA and traditional principles regarding trust and contract law. The issue in *Firestone* was the standard of review to be applied by courts to a trustee's denial of benefits in an ERISA-regulated plan. As with the issue before me, circuit and district courts were divided, although most had applied the arbitrary and capricious standard, based on the assumption that a trustee's exercise of discretionary power should not be closely scrutinized.

---

**2.** These include *Sullivan v. LTV Aerospace & Defense Co.,* 82 F.3d 1251, 1259 (2d Cir.1996); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1323–24 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649–50 (3d Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990); *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1566–67 (11th Cir.1987); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re Vorpahl,* 695 F.2d 318, 321–22 (8th Cir.1982); and *Wardle v. Central States S.E. & S.W. Areas Pension Fund,* 627 F.2d 820, 829–30 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

**3.** In this regard the court cited *Algie v. RCA Global Communications, Inc.,* 891 F.Supp. 875 (S.D.N.Y.1994); *Steeples v. Time Ins. Co.,* 139 F.R.D. 688, 693–94 (N.D.Okla.1991); *Blue Cross & Blue Shield of Alabama v. Lewis,* 753 F.Supp. 345, 348 (N.D.Ala.1990); *Rhodes v. Piggly Wiggly Alabama Distrib. Co.,* 741 F.Supp. 1542, 1545 (N.D.Ala.1990); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882, 891 (S.D.N.Y.1990).

*Firestone* held "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. In so doing, the Court looked to the common law in place before the enactment of ERISA and then to the purpose of ERISA.

Noting that, before ERISA, courts used the *de novo* standard to review employee benefit decisions, the Court said: "Actions challenging an employer's denial of benefits before the enactment of ERISA were governed by principles of contract law.... the court reviewed the employee's claim as it would have any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent." *Id.* at 112–13, 109 S.Ct. at 955. The trustee in such cases had no discretion to grant or deny benefits.

In explaining its reliance on pre-ERISA standards, the *Firestone* Court expounded: "ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans' and 'to protect contractually defined benefits'.... Adopting Firestone's reading of ERISA would require us to impose a standard of review that would afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted." *Id.* at 113–14, 109 S.Ct. at 956 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983) and *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985)).

The clear message conveyed in *Firestone* was that the Supreme Court sees ERISA as maintaining the protection formerly afforded plan participants and beneficiaries, rather than reducing their existing rights. Moreover, as recognized by the Tenth Circuit in *Zimmerman*, *Firestone* invites courts to reexamine whether juries may be required in cases involving certain ERISA claims.

In the case before me, both sides rely on *Firestone* as supporting their respective positions relating to the jury trial question. Defendants cite language in the case emphasizing that "ERISA abounds with the language and terminology of trust law" and that its legislative history confirmed that the fiduciary responsibility provisions " 'codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts.' " *Firestone*, 489 U.S. at 110, 109 S.Ct. at 954 (quoting H.R.Rep. No. 93–533, p. 11 (1973), U.S.Code Cong. & Admin.News 1974, pp. 4639, 4649).

Defendants acknowledge the *Firestone* Court's recognition that pre-ERISA denial of benefits claims were governed by contract law. However, they emphasize that the Court's analysis focussed upon a determination of whether trust law principles for a deferential standard of review or trust law principles for *de novo* review should apply in an ERISA action for recovery of benefits alleged to have been improperly withheld. They note the Court's conclusion that a denial of benefits challenged under § 1132(a)(1)(B) was to be reviewed under a *de novo* standard was "[c]onsistent with established principles of trust law." *Firestone*, 489 U.S. at 115, 109 S.Ct. at 956–57.

Based on these statements and the *Restatement (Second) of Trusts* §§ 197, 198 (1959),[4] Defendants conclude ERISA being a federal codification and extension of the law of trusts, the remedies of the beneficiary against the trustee are exclusively equitable unless a trustee is under an unconditional and immediate duty to pay money or transfer a chattel, a circumstance which Defendants maintain is not present here.

Plaintiffs, also relying on *Firestone*, urge a different conclusion. They emphasize the Court's refusal to limit a review of a plan administrator's or trustee's decisions to the trust law "arbitrary and capricious" or "abuse of discretion" standard of review. They note the holding that, in respect to benefit plans that do not expressly grant

---

4. Section 197 provides: "Except as stated in § 198, the remedies of the beneficiary against the trustee are exclusively equitable." Section 198(1) provides: "If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment."

discretion to the trustee or administrator to construe the terms of the plan or eligibility thereunder, the traditional contract law *de novo* standard of review will be employed for judicial review of decisions regarding benefits under employee benefit plans. *See Firestone*, 489 U.S. at 115, 109 S.Ct. at 956–57.

Plaintiffs assert the issue for decision in this case is whether they are entitled to the benefits of the particular plan at issue, a typical contract law question, involving the terms of the plan, other manifestations of the parties' intent and how Defendants have applied the plan in like circumstances. These, Plaintiffs maintain, are classic jury trial issues even though they may take place in the context of a statute with an overall trust law theme.

In this regard Plaintiffs rely on *Chauffeurs, Teamsters and Helpers Local 391 v. Terry*, where the Court reaffirmed its commitment to preserving the right to a jury trial "where legal rights are at stake," 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990), and held there is a right to a jury trial in a similar cause of action. In *Terry*, the plaintiff sought backpay as relief for his union's alleged breach of the duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 159(a).

Noting that the Seventh Amendment protects the right to a jury trial for legal causes only, the Court applied a two-part test to determine whether a particular action will resolve legal rights: (1) what is the nature of the issues involved when compared to the 18th-century actions brought in the courts in England before the merger of law and equity, and (2) is the nature of the remedy sought legal or equitable? The second part of the test is the more important in the analysis. *Terry*, 494 U.S. at 565, 110 S.Ct. at 1344–45.

Regarding the first part of the test, the union argued the duty of fair representation was like a trustee's fiduciary duty enforceable only through equity. The Court found this to be a mischaracterization and opined: " 'The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.' " *Id.* at 569, 110 S.Ct. at 1347 (quoting *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733,

738, 24 L.Ed.2d 729 (1970)). Finding the issue at hand comparable to a breach of contract claim, a legal issue, the Court found the plaintiff was entitled to a jury trial, despite the equitable nature of the overall action. *Id.* at 569–70, 110 S.Ct. at 1346–48.

The Court then considered the second part of the test, the nature of the remedy sought, noting relief in the form of money damages was traditionally offered in courts of law. *Id.* at 570, 110 S.Ct. at 1347. However, the Court refrained from holding that any award of such damages must necessarily be legal relief, and expressly denoted two exceptions to the general rule, namely, where damages are purely restitutionary, and where they are incidental to injunctive relief. *Id.* at 570–71, 110 S.Ct. at 1347–48. Finding the remedy of backpay sought in that duty of fair representation action to be legal in nature, the Court held respondents were entitled to jury trial. *Id.* at 573, 110 S.Ct. at 1349.

The teaching of *Terry* is that courts must look beyond simple categorizations in determining the legal or equitable nature of both the issue presented and the remedy sought. Applying the *Terry* two-part test, Plaintiffs assert the nature of the issues involved is contractual, and therefore legal, as is the nature of the remedy sought, money damages.

Defendants' reference to *Mertens v. Hewitt Associates*, 508 U.S. 248, 255, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1993) is not persuasive. That case concerned a request for equitable relief pursuant to § 1132(a)(3) of ERISA, which expressly provides for equitable relief, whereas here Plaintiffs claim relief under § 1132(a)(1)(B) to recover "benefits due."

Defendants' reliance on *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir.1993), is similarly misplaced. That court also denied the right to a jury trial in the context of an ERISA claim brought under § 1132(a)(3) which provides solely for equitable relief. *Id.* at 856.

Defendants cite the Restatement (Second) of Trusts §§ 197, 198 (1959) stating that the remedies of the beneficiary against the trustee are exclusively equitable unless the trustee is under a duty to pay money immediately

and unconditionally to the beneficiary, in which case an action at law lies against the trustee to enforce payment.

Plaintiffs assert the Restatement supports their position in that this action claims under the plan the administrator had a duty to pay money to them upon their termination of employment, which, Plaintiffs assert was a duty to pay immediately and unconditionally.

Defendants reply that in order to bring an action at law against a trustee there can be no dispute either as to the amount or the requirement to pay money. Because there is a dispute in this action as to whether there is a requirement to pay, Plaintiffs maintain the action must be one in equity.

I do not think the discussion on the import of the Restatement is to much avail here. The initial question, to be asked, in accordance with *Firestone* and *Terry*, in determining the nature of the action, is whether the benefit plan gave the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If it did not, an action for recovery of benefits thereunder must be seen as a traditional contract law action, i.e. one at law.

Defendants also rely on the recent decision in *Markman v. Westview Instruments, Inc.*, — U.S. —, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) which involved the issue of a jury trial in a patent case. Defendants urge, because the central issue here is interpretation of plan documents to establish which of two severance plans is applicable, the Court's comment that "[t]he construction of written instruments is one of those things that judges often do and are likely to do better than jurors," *id.* at —, 116 S.Ct. at 1395, has relevance to this case.

They cite the determination in *Markman* that "the importance of uniformity in the treatment of a given patent as an independent reason to allocate all issues of construction to court," *id.* at —, 116 S.Ct. at 1396, as relevant here, where a skilled and uniform interpretation of ERISA is desirable. I agree with Plaintiffs that *Markman*, pivoted on the complexities and nuances of patent interpretation, is of limited relevance here.

Defendants place reliance on *Sullivan v. LTV Aerospace & Defense,* where the Second Circuit "join[ed] its sister circuits and decide[d] that there is no right to a jury trial in a suit brought to recover ERISA benefits." 82 F.3d 1251, 1258 (2d Cir.1996). The *Sullivan* court denied a jury trial in an action seeking benefits under a severance plan, which, unlike the plan at issue here, expressly granted the plan committee the exclusive power to interpret and carry out the terms of the plan. *Id.* at 1254.

Under *Firestone,* the standard of review in a *Sullivan* type plan is "abuse of discretion." Yet the *Sullivan* court analyzed the jury trial issue without any discussion of the implications of *Firestone,* nor reference to the Supreme Court's two part Seventh Amendment analysis in *Terry.* Instead, the Second Circuit relied on the analysis of the Seventh Circuit in *Wardle,* the reasoning of which no longer applies. *See Zimmerman,* 72 F.3d at 829.

Defendants cite *Blake v. Unionmutual Stock Life Insurance Co. of America,* 906 F.2d 1525, 1526 (11th Cir.1990) where the court rejected the argument that the *de novo* standard of review adopted in *Firestone* could result in a claim for money damages under § 502(a)(1)(B) being considered as one for legal rather than equitable relief. *Zimmerman,* however, suggests the opposite, namely that *Firestone's* rejection of the "arbitrary and capricious" standard of review has implications for the jury trial issue. 72 F.3d at 829.

*Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990), relied on by Defendants, although decided after *Firestone,* gave no consideration to its impact on the jury trial question. By contrast, *Steeples v. Time Ins. Co.,* 139 F.R.D. 688 (N.D.Okla.1991), described below, follows the tutelage of *Firestone* and the two-part test in *Terry.* It also accords with the recent Tenth Circuit observation that the rationale in cases such as *Wardle,* 627 F.2d at 829–30, denying a jury trial as incompatible with the application of the arbitrary and capricious standard of review, no longer applies. *See Zimmerman* 72 F.3d at 829.

I regard *Steeples* as more persuasive than cases which, relying solely on the weight of authority, and, without engaging in analysis, have denied a request for a jury trial in a § 502(a)(1)(B) ERISA action. *See, e.g., Johnson v. Centennial Life Ins. Co.,* 885 F.Supp. 227, 227–28 (D.Kan.1995).

In *Steeples,* employees sought a jury trial in an action under § 502(a)(1)(B) of ERISA against their employer's insurer alleging failure to pay benefits on a medical policy. The district court reviewed decisions of various federal circuit courts and concluded the question of a jury trial under ERISA with regard to a suit for health benefits is unclear.

*Steeples* then, relying on *Firestone* and *Terry,* applied the two-part test: "what is the nature of the issues involved, and (1) what is the nature of the remedy sought?" *Steeples,* 139 F.R.D. at 693 (citing *Terry,* 494 U.S. at 565, 110 S.Ct. at 1345).

The court held plaintiffs' claims seeking damages for an alleged failure to provide insurance were breach of contract claims and, as such, concerned legal issues. *Id.* The court noted that the defendant insurance company had no discretion regarding the approval or denial of the benefits sought and held the absence of such discretion made the claim "like 'any other contract claim.'" *Id.* (quoting *Firestone,* 489 U.S. at 112, 109 S.Ct. at 955.)

Relying on *Terry's* clarification that "it is the character of the issue rather than that of the overall action that determines the first question," (*id.*), the district court held this was a breach of contract action which happened to fall within the aegis of ERISA yet involved no aspect of a trust relationship. The issues were therefore legal in nature.

Turning to the second and more important part of the *Terry* test, the nature of the remedy, the court noted that the plaintiffs sought a sum certain in damages stemming from the defendant's alleged breach of contract. It noted damages were generally a legal remedy and neither of the exceptions cited by the Supreme Court, namely damages which are *restitutionary* or those incidental to injunctive relief, applied. Plaintiffs did not seek reinstatement of the policy nor any form of continuing coverage. Rather they sought damages alone as measured by the amount of medical costs not paid by the insurer. As such, the cause of action for payment of medical benefits under ERISA was a legal cause of action. *Steeples,* 139 F.R.D. at 694.

The *Steeples* court found this conclusion supported by recent decisions of other federal district courts. *See Vicinanzo v. Brunschwig & Fils,* 739 F.Supp. 882 (S.D.N.Y. 1990) and *Weber v. Jacobs Mfg. Co.,* 751 F.Supp. 21 (D.Conn.1990). In both those cases, the courts found suits brought under § 510 of ERISA, regarding wrongful interference with benefits, enforceable through § 502, were proper cases for the jury.

In the circumstances, *Steeples* held the plaintiffs had a constitutional right to a jury trial under ERISA § 502(a)(1)(B) for their suit seeking damages for denial of medical insurance benefits. 139 F.R.D. at 694.

### III. *Analysis.*

Following the directive of the Supreme Court in *Terry,* I apply the two prong test to determine if Plaintiffs' action is one in law or in equity: (1) what is the nature of the issue and (2) what is the remedy sought?

Plaintiffs sue under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) to recover benefits due them under the terms of the ESP, an employee welfare benefit plan as defined in the act. The ESP provides severance benefits to certain employees in the event of the termination of their employment by the company other than for cause.

The issues to be tried are whether Plaintiffs are entitled to the benefits of the particular plan at issue, dependent upon the terms of the plan and other manifestations of the parties intent, including how Defendants have applied the ESP in similar circumstances. Applying the reasoning of *Terry,* I find these issues comparable to a breach of contract claim, a legal issue, even though the character of the overall action, one under ERISA, is viewed as equitable.

*Firestone* also supports this conclusion. Here the plan administrator determined Plaintiffs were ineligible for ESP benefits. Because the ESP does not expressly give the

administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," *Firestone,* 489 U.S. at 115, 109 S.Ct. at 956, the review of the denial is *de novo* and the issues for determination are whether Plaintiffs were covered by the plan. *Firestone* found such issues to be factual determinations typical of contract actions at law. *Id.* at 112–13, 109 S.Ct. at 955–56.

I turn to the second prong of the *Terry* test, the nature of the remedy. Plaintiffs claim is for benefits allegedly due each of them under the ESP. The benefits are fairly certain of ascertainment, and, as such, the principle relief sought is in the form of money damages.

Money damages are generally a legal remedy and the amounts are determinable in a traditional action at law by a jury. The exceptions delineated in *Terry,* damages which are restitutionary, or those incidental to injunctive relief, are inapplicable here.[5]

Because both the nature of the issue for determination and the remedy sought are legal, I find Plaintiffs' action to be one in law, rather than equity, notwithstanding its statutory context.

### IV. *Conclusion.*

I find Plaintiffs have a constitutional right to a jury trial on Counts I through V of their suit seeking damages for denial of benefits under the ESP.[6] I therefore deny Defendants' Motion to Strike Jury Demand.

Accordingly,

IT IS ORDERED THAT Defendants' Motion to Strike Jury Demand is DENIED.

### CERTIFICATION FOR APPEAL

Being of the opinion that this interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), I certify the order for appeal. Application for such appeal to be taken from this order may be made to the Tenth Circuit Court of Appeals within ten days of the entry of this order. 28 U.S.C. § 1292(b).

---

5. Cases which view an action for damages to recover benefits under a plan as seeking injunctive relief in the form of reinstatement into the program tend to distort the defined exceptions. *See, e.g. Bair,* 895 F.2d at 1097; *Pegg v. General Motors, Corp.,* 793 F.Supp. 284, 286 (D.Kan. 1992).

6. The fact that Plaintiffs have included in this action, Count VI, a claim committed to·the discretion of the court, does not prohibit the submission of the legal claims in Counts I through V to the jury. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 481, 82 S.Ct. 894, 901, 8 L.Ed.2d 44 (1962).