Earnest ROWELL, Plaintiff,

v.

CIGNA, et al., Defendants.

No. 96 C 8076.

United States District Court,
N.D. Illinois,
Eastern Division.

April 28, 1997.

Mark D. DeBofsky, Richard Quentin Holloway, DeBofsky & DeBofsky, Chicago, IL, for plaintiff.

Rody P. Biggert, David S. Baffa, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Stephen C. Debboli, Modesto, Reynolds & McDermott, Chicago, IL, for Life Ins. Co. of North America.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter comes before the court on defendant Life Insurance Company of North America's motion to strike plaintiff Earnest Rowell's jury demand. For the reasons set forth below, the court grants defendant's motion to strike plaintiff's jury demand.

### I. BACKGROUND

Plaintiff Earnest Rowell ("plaintiff") filed suit against defendants Life Insurance Company of North America and The Pullman Company (collectively "defendants") pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

---

("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for wrongfully denying him disability benefits under Pullman's employee welfare benefit plan. In his first amended complaint, plaintiff seeks a declaratory judgment entitling him to disability benefits under the plan and interest on those unpaid benefits, an order requiring continued payment of benefits until plaintiff no longer meets the disability, conditions under the plan, and attorney's fees.

In connection with his claim, plaintiff filed a jury demand. Defendant has moved to strike plaintiff's jury demand, claiming plaintiff has no such right in this case.

## II. DISCUSSION

 The Seventh Amendment right to a jury trial is not absolute; instead, it is determined by the "nature of the plaintiff's cause of action." *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan,* 797 F.2d 521, 527 (7th Cir.1986), *cert. denied,* 479 U.S. 1094, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987). A trial by jury is available in suits enforcing legal rights, if the action involves legal rights and remedies. It is not available, however, when Congress creates a statutory scheme authorizing only equitable relief, unless Congress specifically provides otherwise. *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); *Wardle v. Central States, S.E. and S.W. Areas Pension Fund,* 627 F.2d 820, 828 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

Section 502(a)(1)(B) of ERISA is silent as to the issue of a plaintiff's right to a jury trial. In *Wardle,* the Seventh Circuit analyzed the statute and its history and concluded that "Congress' silence on the jury right issue," in conjunction with the statutory remedy's equitable nature, means that jury trials are unavailable in "suits for pension benefits by disappointed applicants." *Wardle,* 627 F.2d at 829–30. Jury trials are similarly unavailable in suits brought under section 502(a)(1)(B) for the denial of disability benefits. *Brown,* 797 F.2d at 527. Therefore, the Seventh Circuit has unequivocally decided that jury trials are not available to plaintiffs who file suit pursuant to section 502(a)(1)(B), as such suits provide only equitable relief.

*See Oil, Chemical & Atomic Workers' Int'l v. Amoco Corp.,* No. 93 C 5929, 1996 WL 563447, *2 (N.D.Ill. Sept.27, 1996).

 Based on the Seventh Circuit's unequivocal statement of the law, a jury trial is not available in plaintiff's ERISA claim for wrongful denial of disability benefits. In fact, plaintiff concedes, as he must, that "it has long been the law in this Circuit that there is no right to trial by jury in an ERISA claim." (Pl.'s Mem. in Opp. at 1.) Despite the apparent agreement between the parties, plaintiff asks this court to reconsider the issued based on the Seventh Circuit's decision in *Senn v. United Dominion Indus.,* 951 F.2d 806 (1992), *cert. denied,* 509 U.S. 903, 113 S.Ct. 2992, 125 L.Ed.2d 687 (1993), which relied on the Supreme Court's decision in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). Plaintiff also has requested that should this court deny his request for reconsideration, it either certify the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or impanel an advisory jury.

Plaintiff believes that *Senn* warrants reconsideration of the availability of jury trials in ERISA claims. The court disagrees. In *Senn,* the Seventh Circuit was faced with a class action lawsuit claiming breach of a collective bargaining agreement brought pursuant to section 301(a) of the Labor Management Relations Act ("LMRA") and sections 502(a)(1) and (a)(3) of ERISA. *Senn,* 951 F.2d at 813. The court in *Senn* upheld the use of a jury trial in a case where several theories of recovery, both legal and equitable, were claimed by the plaintiffs. *Id.* at 814. The court relied on the Supreme Court's holding in *Terry,* which stated that "a claim under Section 301 [of The LMRA] that the employer breached a Collective Bargaining Agreement 'is comparable to a breach of contract claim—a legal issue.'" *Id.* at 813 (*citing Terry,* 494 U.S. at 569–70, 110 S.Ct. at 1347.) Because the case presented both legal and equitable issues, the plaintiff was entitled to a jury trial.

*Senn* is distinguishable from this case. In this case, plaintiff has no LMRA or other

legal claim; therefore, he does not have both legal and equitable relief available to him. Plaintiff's claim seeks a declaratory judgment entitling him to disability benefits and interest on unpaid benefits, an order requiring continued payment of benefits until he no longer meets the disability conditions under the plan, and attorney's fees. Such requests for relief are undeniably only equitable in nature; therefore, plaintiff is not entitled to a jury trial. *See Casey v. Uddeholm Corp.*, No. 92 C 2156, 1992 WL 122951, *3 (N.D.Ill. May 28, 1992). For these reasons, the court finds no basis for applying the holding in *Senn* to a case where the sole claim is based on the denial of disability benefits, which allows for only equitable relief to the plaintiff.

Plaintiff also relies on a district court case from Colorado, *Adams v. Cyprus Amax Mineral Co.*, 954 F.Supp. 1470 (D.Col.1997), as support for his jury trial request. *Adams* involved an ERISA claim for severance benefits. The *Adams* court, relying on *Terry*, reasoned that while an ERISA claim itself may be equitable, the underlying claim is really a breach of contract claim. *Adams*, 954 F.Supp. at 1476–77. In making such a claim, the court acknowledged that nine federal circuits had held otherwise. *Id.* at 1471–72. Nonetheless, the *Adams* court's own circuit, the Tenth, had not yet addressed the issue. The *Adams* court also viewed the remedy sought as including "monetary damages," a legal remedy, as distinguished from restitution or injunctive relief, equitable remedies. *Id.*

This court finds the *Adams* court's reasoning unpersuasive, particularly in light of the overwhelming weight of authority against it. Moreover, the *Adams* court certified the issue for interlocutory appeal to the Tenth Circuit, which has not yet addressed it. Therefore, *Adams* is, at this point, of questionable authority.

In contrast, the Seventh Circuit has made it explicitly clear that jury trials are unavailable to ERISA plaintiffs because ERISA claims are equitable in nature. Plaintiff has failed to provide any reasonable basis for why this court should reject the weight of authority, including binding Seventh Circuit

precedent, that is contrary to his position. For these reasons, the court grants defendant's motion to strike plaintiff's jury demand.

■ The court further finds no need for an interlocutory appeal. An interlocutory appeal is appropriate pursuant to 28 U.S.C. § 1292(b) only when there exists "a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal … may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff has not met the statutory requirements for an interlocutory appeal of this court's decision to strike his jury demand. As discussed above, there is hardly a "substantial ground for difference of opinion" as to whether or not an ERISA plaintiff is entitled to a jury trial. The only support plaintiff provides for such a difference of opinion is *Adams*, the district court case from Colorado. However, the *Adams* court itself recognized that nine federal circuits have found no such jury right in ERISA cases. There can be no "substantial ground for difference of opinion" when nine federal circuit courts, including the circuit in which this court sits, all have agreed that ERISA claims are equitable claims for which no right to a jury trial exists, in the face of one district court decision that reached a contrary conclusion. Accordingly, the court rejects plaintiff's request to certify this issue for interlocutory appeal. For the same reasons, the court also rejects plaintiff's request for an advisory jury.

### III. CONCLUSION

Because plaintiff has failed to show why this court should disregard binding Seventh Circuit precedent, which explicitly prohibits an ERISA plaintiff's right to a jury trial, the court grants defendant's motion to strike plaintiff's jury demand.