**F I L E D**
United States Court of Appeals
Tenth Circuit

**JUL 16 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GLEN ADAMS; GREGORY ADAMS; KURT ANAST;
JAN BAIAMONTE; BERNIE BAKER; EUGENE BECK;
LEO BECKSTEAD; MARK BERGGREN; ANTONIO
BLANDON; JOE BRISTER; GENE CARLIN; EDDIE
CHOU; JAMES COMPTON; BRYCE DANES; TERRY
DUGHMAN; CHARLES DUY; RONALD GEHAUF;
MARILYN GERMANN; ROBERT HOGSETT; WENDY
KENNEDY; BARBARA LAMOREE; BETH LOW;
WILLIAM MAY; ROBERT McCORMICK; RUSSELL
MEADERS; DAVID MEYER; WILLIAM MIDDLETON;
STEPHEN MIDSON; AARON MONTOYA; FRED
MOORE; NORMAN NICHOLAS; DEBBY NORLING-
LAURITA; RODNEY NUSSE; MICHAEL O'SULLIVAN;
JAMES ROSS; FRANCIS SMIT; RICHARD VIGIL; NGA
THI VO; MAHESH C. JHA; and ROBERT ROWE,

     Plaintiffs-Appellees,

v.

CYPRUS AMAX MINERALS COMPANY, a Delaware
corporation; and HELEN M. FEENEY,

     Defendants-Appellants.

No. 97-1105

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 96-K-71)**

---

Peter B. Carey (Michael G. Connelly of Law Office of Peter B. Carey, Chicago,
Illinois; James C. Mallon of Mallon & Associates, P.C., Evergreen Colorado; and
John H. Lonnquist of John H. Lonnquist, P.C. Littleton, Colorado, with him on

the briefs) of Law Office of Peter B. Carey, Chicago, Illinois, for Plaintiff-Appellees.

Charles W. Newcom (William A. Wright with him on the brief) of Sherman & Howard L.L.C., Denver, Colorado, for Defendant-Appellants.

---

Before **BRORBY, McKAY** and **BRISCOE**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

This is an interlocutory appeal of a district court order denying Defendants' motion to strike Plaintiffs' jury demand. A single issue is presented on appeal: Does the Seventh Amendment of the United States Constitution entitle Plaintiffs to a jury trial on claims to recover enhanced severance plan benefits under 29 U.S.C. § 1132(a)(1)(B), the Employee Retirement Income Security Act ("ERISA")? The Tenth Circuit has not previously ruled on this issue.[1] Exercising jurisdiction pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5, we hold no jury right attaches to Plaintiffs' § 1132(a)(1)(B) claims. We therefore reverse.

---

[1] At least four circuits have ruled on this precise issue. All have denied the right to a jury trial on § 1132(a)(1)(B) claims. *See DeFelice v. American Int'l Life Assurance Co.*, 112 F.3d 61, 64-65 (2d Cir. 1997); *Blake v. Unionmutual Stock Life Ins. Co.*, 906 F.2d 1525, 1526-27 (11th Cir. 1990); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *In re Vorpahl*, 695 F.2d 318, 320-22 (8th Cir. 1982).

-2-

BACKGROUND

Plaintiffs-Appellees are thirty-nine former employees of Amax Research and Development, Inc., a wholly owned subsidiary of Amax, Inc. Their employment with Amax Research and Development, Inc. was terminated in December 1993, as a result of Amax Inc.'s merger into Cyprus Minerals Company. Plaintiffs claim that upon termination they were entitled to benefits under Amax Inc.'s Corporate Separation Policy for Corporate Employees, also referred to by Plaintiffs as the Enhanced Severance Plan.

The Enhanced Severance Plan is an ERISA "employee welfare benefit plan," 29 U.S.C. § 1002(1), which applies only to "corporate employees." The Plan defines "corporate employees" as "personnel of the Company at the Company's corporate headquarters other than Corporate Officers." The Plan does not, however, define "corporate headquarters." Thus, the central issue in this dispute is whether Plaintiffs were "corporate headquarters" personnel entitled to benefits under the Enhanced Severance Plan. If Plaintiffs were eligible to receive benefits under the Enhanced Severance Plan, they would have received larger severance payments and greater medical benefits than they received under the plan applied to them when their employment ended.

After failing to receive full benefits under the Enhanced Severance Plan, Plaintiffs filed an ERISA suit against Cyprus Amax Minerals Company and plan administrator, Helen M. Feeney. Their complaint alleges six claims for relief and demands a jury trial. The first five claims allege breach of fiduciary duty, violation of ERISA procedures, and violation of the plan itself. Pursuant to 29 U.S.C. § 1132(a)(1)(B),[2] Plaintiffs seek monetary benefits and enforcement of their rights under the terms of the Enhanced Severance Plan. The sixth claim prays for civil penalties against the plan administrator pursuant to 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c).

Defendants answered the complaint by denying Plaintiffs are entitled to any severance benefits under the Enhanced Severance Plan and by asserting a number of affirmative defenses. They also filed a motion to strike Plaintiffs' jury demand. In response, Plaintiffs withdrew their jury demand on their sixth claim, which sought redress for a statutory violation expressly committed to the "court's discretion." *See* 29 U.S.C. § 1132(c). However, Plaintiffs maintained their first five claims are analogous to state law breach of contract actions to which the

---

[2] Section 1132(a)(1)(B) empowers a participant or beneficiary to file a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

right to a jury trial attaches.  The district court agreed, denied Defendants' motion to strike, and certified the matter for appeal.

DISCUSSION

The issue presented – whether Plaintiffs' are entitled to a jury trial on their 29 U.S.C. § 1132(a)(1)(B) claims – is a question of law we review de novo. *Zimmerman v. Sloss Equip., Inc.*, 72 F.3d 822, 829 (10th Cir. 1995).

As we noted in *Zimmerman*, ERISA does not specify whether a jury should decide claims brought under 29 U.S.C. § 1132(a)(1)(B).  72 F.3d at 829.  The legislative history also provides no guidance on this issue.  *Id*. n.3.  "'Congress expressed no opinion on the mode of trial intended for plan-enforcement actions.'"  *Id*. (quoting Note, The Right to Jury Trial in Enforcement Actions under Section 502(a)(1)(B) of ERISA, 96 Harv. L. Rev. 737, 738, 741-43 (1983)).  There being no express statutory right to a jury trial and no evidence of congressional intent to grant the right to a jury trial on § 1132(a)(1)(B) claims,[3]

---

[3] The federal district court for the Eastern District of Michigan, in an early ERISA case, concluded there is an implied right to a jury trial in § 1132(a)(1)(B) itself.  *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F. Supp. 745 (E.D. Mich. 1977).  The district court in *Stamps* reasoned that § 1132(a)(1)(B) would be surplusage in light of § 1132(a)(3) unless § 1132(a)(1)(B) was considered to create a legal, as opposed to an equitable, right.  *Id*. at 746-47.  We join a number of our sister circuits in concluding the reasoning in *Stamps* is

we must consider whether Plaintiffs can claim such right under the Seventh Amendment of the United States Constitution. *See Feltner v. Columbia Pictures Television, Inc.*, \_\_\_ U.S. \_\_\_, \_\_\_, 118 S. Ct. 1279, 1283-84 (1998).

The Seventh Amendment preserves the right of trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The United States Supreme Court has long interpreted "Suits at common law" to include "'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Feltner* , \_\_\_ U.S. at \_\_\_, 118 S.Ct. at 1284 (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)(emphasis in original)). Accordingly, the Seventh Amendment applies to "'actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Id.*

---

flawed. *See Sullivan v. LTV Aerospace & Defense Co.,* 82 F.3d 1251, 1258 (2d Cir. 1996); *Vorpahl*, 695 F.2d at 321; *Calamia v. Spivey*, 632 F.2d 1235, 1236-37 (5th Cir. 1980); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820, 828-29 (7th Cir. 1980). Congress granted state courts concurrent jurisdiction only over § 1132(a)(1)(B) claims, *see* 29 U.S.C. § 1132(e)(1); thus, it was entirely rationale for Congress to separate § 1132(a)(1)(B) from the other equitable actions enumerated under § 1132(a)(3).

(quoting *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 42 (1989)). To determine whether a particular statutory action more closely resembles an 18th century case tried in a court of law or one tried in a court of equity, we must examine both the nature of the statutory action and the remedy sought. *Id*; *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). The more important factor is whether the remedy sought is legal or equitable in nature. *Terry*, 494 U.S. at 565 (citing *Granfinanciera*, 492 U.S. at 42).

The Nature of Plaintiffs' ERISA Claims

Plaintiffs rely on language from *Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 658 (10th Cir. 1990) and *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13 (1989) to characterize their claims as "straightforward contract claim[s], legal in nature," even though they arise "in the context of a statute with an overall trust law theme." When considering allegations in *Pratt* that the defendants used an improper valuation date when assessing the value of the plaintiff's vested interest in a pension plan, a panel of this court referred to the plaintiff's § 1132(a)(1)(B) claim as a "breach of contract" action. *Pratt*, 920 F.2d at 652, 658-59. In *Firestone*, the Supreme Court held that if a benefit plan does not expressly grant the plan administrator

discretion to interpret the terms of the plan or eligibility under the plan, courts must apply a de novo rather than an arbitrary and capricious standard when reviewing the administrator's decision. 489 U.S. at 112-13. In reaching that conclusion, the Court reasoned that where a plan does not give the administrator exclusive discretion to interpret the plan, it would make little sense to impose a standard of review that would afford employees less protection than they enjoyed prior to ERISA, when actions challenging an employer's denial of benefits were governed by state contract law. *Id*. at 112-14. Plaintiffs suggest this court's reference to breach of contract actions in *Pratt* and the Supreme Court's discussion of the contractual nature of pre-ERISA claims in *Firestone* are dispositive of our analysis of the first *Terry* factor.

The district court similarly concluded "*Firestone* invites courts to reexamine whether juries may be required in cases involving certain ERISA claims." *Adams v. Cyprus Amax Mineral Co.*, 954 F. Supp. 1470, 1473 (D. Colo. 1997). Accepting the invitation, the district court extended *Firestone* to hold that if a benefit plan fails to give the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an action to recover benefits under that plan "must be seen as a traditional contract law action, *i.e.* one at law." *Id*. at 1475.

We believe the Plaintiffs' and district court's reliance on *Pratt* and *Firestone* to determine Plaintiffs' right to a jury trial is misplaced. Neither *Pratt* nor *Firestone* addressed the jury trial issue or the broader issue of whether an ERISA § 1132(a)(1)(B) action is best characterized as legal or equitable. The language Plaintiffs cite from *Pratt* characterizing § 1132(a)(1)(B) actions as "breach of contract" actions duplicates the characterization of the claims in the Pratt plaintiffs' complaint itself. *Pratt*, 920 F.2d at 652. We note that Plaintiffs in this case did not couch their complaint in terms of a "breach of contract." More important, unlike the central issue in this case, which involves an eligibility determination based upon the interpretation of terms left undefined in the plan, the *Pratt* case involved the application of an unambiguous valuation procedure provided in the plan. *Id*. at 662. An action by recognized beneficiaries to enforce the unambiguous terms of a plan is more readily characterized as a breach of contract action than the more general eligibility claim raised here. Finally, the *Firestone* reference to analogous, pre-ERISA breach of contract actions is relevant only to the extent some of our sister circuits used the pre-Firestone arbitrary and capricious standard as support for their holdings there is no right to a jury trial of § 1132(a)(1)(B) claims. *See, e.g., Sullivan,* 82 F.3d at 1258-59; *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1006-07 (4th Cir. 1985); *Vorpahl*, 695 F.2d at 321; *Wardle*, 627 F.2d at 829-30. As we noted in *Zimmerman*,

consideration of the incompatibility of jury trials with the application of the arbitrary and capricious standard of review is no longer appropriate given the *Firestone* holding. *Zimmerman*, 72 F.3d at 829. Beyond that, however, we fail to see how the standard of review deemed appropriate in a given ERISA case *vis-à-vis* the *Firestone* analysis is determinative of whether the particular statutory claims at issue here are legal or equitable in nature. Just because the Supreme Court acknowledged that plaintiffs filed breach of contract suits in state courts prior to implementation of ERISA's comprehensive scheme to protect employee benefit rights,[4] *Firestone*, 489 U.S. at 112-13, it does not follow that ERISA actions are best analogized to breach of contract actions. *See DeFelice v. American Int'l Life Assurance Co.*, 112 F.3d 61, 64 (2d Cir. 1997); *Blake v. Unionmutual Stock Life Ins. Co.*, 906 F.2d 1525, 1526 (11th Cir. 1990). To the contrary, ample support exists in *Firestone* and elsewhere for our decision that Plaintiffs' 29 U.S.C. § 1132(a)(1)(B) claims are fundamentally equitable in nature.

We begin with the statute itself; with limited exceptions, the assets of an employee welfare benefit plan authorized under ERISA must be held in trust to be

---

[4] *See* 29 U.S.C. §§ 1001, 1001a.

-10-

managed and controlled under the authority and discretion of a named fiduciary(ies). 29 U.S.C. §§ 1102, 1103. Not surprisingly then, courts consistently have characterized ERISA actions, including § 1132(a)(1)(B) actions, akin to common law trust actions and thus governed by common law trust principles. *See, e.g., DeFelice*, 112 F.3d at 64; *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir.) (citing *Turner v. CF&I Steel Corp.*, 770 F.2d 43 (3d Cir. 1985)), *cert. denied*, 498 U.S. 811 (1990); *Vorpahl*, 695 F.2d at 321; *Wardle*, 627 F.2d at 829 (7th Cir. 1980). Indeed, "[i]n determining the appropriate standard of review for actions under § 1132(a)(1)(B)," the Supreme Court in *Firestone* made clear it was "guided by principles of trust law." 489 U.S. at 111. To the extent the Court discussed the application of contract law, it did so to illustrate that pre-ERISA contract principles were consistent with established principles of trust law applicable in the ERISA context. *Id*. at 112-15.

Our conclusion Plaintiffs' ERISA action is analogous to a trust action and therefore equitable in nature does not change when we examine the individual issues to be tried, as instructed by the Supreme Court in *Terry*, 494 U.S. at 569. The trust law underpinning of Plaintiffs' breach of fiduciary duty claim is self-evident. *See id.*, 494 U.S. at 567. Plaintiffs' remaining claims for recovery of

-11-

benefits, enforcement of plan terms, and violation of procedural requirements all turn on a threshold determination of whether Plaintiffs are beneficiaries under the Enhanced Severance Plan. This threshold determination of whether Plaintiffs are eligible to receive assets held in trust by the Defendants likewise must be guided by principles of trust law. *See Vorpahl*, 695 F.2d at 322. The present action thus embodies equitable as opposed to legal issues, and the first part of our Seventh Amendment inquiry weighs against attaching a jury trial right to Plaintiffs' § 1132(a)(1)(B) claims.[5]


The Nature of the Remedy Sought

On each of their first five claims, Plaintiffs pray:

(A)    For all benefits due each of them under the Amax Enhanced Severance Package;
(B)    For prejudgment interest;
(C)    For attorneys fees and costs pursuant to the Amax [Enhanced Severance Package] and 29 U.S.C. Section 1132(g); and
(D)    Such other and further relief as the Court deems just and equitable.

Plaintiffs characterize this requested relief as "money damages" (measured by the amount of benefits Plaintiffs would have received on separation had the

---

[5] Even were we to consider Plaintiffs' claim to recover benefits analogous to a claim for monetary damages stemming from a breach of contract, Plaintiffs' action nevertheless would encompass both equitable and legal issues. At best, therefore, the first part of our Seventh Amendment inquiry would be inconclusive as to whether Plaintiffs are entitled to a jury trial. *See Terry*, 494 U.S. at 570.

Defendants paid them all benefits due under the Enhanced Severance Plan), and cite the general rule that monetary relief constitutes a legal remedy. Plaintiffs further assert the relief they seek has none of the attributes necessary to trigger an exception to the general rule. Consequently, they contend their right to a jury trial on their § 1132(a)(1)(B) claims is "obvious." Guided by Supreme Court precedent and principles of trust law, we disagree.

The Supreme Court has recognized two exceptions to the general rule that monetary relief constitutes a legal remedy. An award of money damages may be considered an equitable rather than legal remedy if (1) the monetary award is "'incidental to or intertwined with injunctive relief.'" *Id*. at 571 (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)); or (2) the damages are restitutionary, "such as in 'action[s] for disgorgement of improper profits,'" *Terry*, 494 U.S. at 570-71 (quoting *Tull*, 481 U.S. at 424). We would be among the first to admit neither exception is well-defined; however, we conclude both exceptions apply to the facts of this case.

Plaintiffs would like us to believe they seek only money damages and thus fit squarely within the *Terry* holding. *See id.*, 494 U.S. at 571. What Plaintiffs overlook, however, is the fact they have no entitlement to the benefits unless and

until a court exercises its equitable powers to declare Plaintiffs eligible beneficiaries of the plan and thus order Defendants, as fiduciaries, to pay benefits. We are unwilling to presume Plaintiffs are eligible beneficiaries when examining the nature of the remedy they seek. The eligibility determination is the root issue in this case. Absent a favorable ruling (*i.e.,* equitable relief) on that issue, Plaintiffs have no claim for money damages. Consequently, their claim for monetary relief is inextricably intertwined with equitable relief. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 883 (6th Cir. 1997).

We further believe the recovery of benefits is better characterized as equitable/ restitutionary versus legal/compensatory relief. By definition, an action for restitution has for its primary purpose the "taking from the defendant and restoring to the plaintiff something to which the plaintiff is entitled." Restatement (First) of Restitution Pt. I, Ch. 8, To. 2, Intro. Note (1936 Main Vol.). The payment of monetary benefits allegedly wrongly held by the Defendants fits this definition.

As stated above, Plaintiffs' claim to recover benefits under an ERISA plan is analogous to an action to enforce a trust. It is pertinent, then, that our characterization of Plaintiffs' requested remedy is consistent with the delineation

of beneficiaries' remedies under trust law. The Restatement (Second) of Trusts §§ 197-198 (1959) states a beneficiary's remedy against a trustee is exclusively equitable unless the trustee has an immediate and unconditional duty to pay the beneficiaries. We do not see how Plaintiffs can claim they are unconditionally and immediately entitled to benefits under the Enhanced Severance Plan when, as we have shown, the resolution of their claims for monetary relief turns on a determination of their eligibility under the plan. The remedy Plaintiffs' seek pursuant to 29 U.S.C. § 1132(a)(1)(B) is therefore equitable

## CONCLUSION

As we conclude the nature of the issues involved and the remedy sought in this ERISA, § 1132(a)(1)(B) action are equitable in nature, we hold the Seventh Amendment provides no right to a jury trial. The district court's order denying Defendants' motion to strike Plaintiffs' jury demand is **REVERSED** and the case is remanded for further proceedings consistent with this opinion.