**Russell SHAFFER, et al., Plaintiffs,**

v.

**Renald EDEN, et al., Defendants.**

**Civ.A. No. 01-2455-CM.**

United States District Court,
D. Kansas.

Aug. 6, 2002.

---

Richard S. Wetzler, Holman Hansen Colville & Coates, P.C., Robert John Rayburn, III, Overland Park, KS, for plaintiff.

Alan S. Leibel, Jenkins & Gilchrist, P.C., Dallas, TX, William J. Skepnek, Skepnek Law Firm, PA, Lawrence, KS, for defendant.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiffs filed this class action complaint, asserting seven counts under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* This matter is before the court on defendants' Motion to Plead with Particularity, for More Definite Statement, Motion to Strike, and Motion to Dismiss (Doc. 5).

* Motion to Plead with Particularity

Plaintiffs have asserted a claim for fraud in Count IV of the complaint. Defendants argue that plaintiffs' fraud claim fails to comply with Federal Rule of Civil Procedure 9(b). In Count IV, plaintiffs allege as follows:

¶ 59. Defendants made numerous written and oral representations to Plaintiffs during their employment, including but not limited to those representations made in meetings of employees for the purpose of explaining benefits owing to employees under the K & W ESOP. These representations were false.

¶ 60. Defendants failed to disclose to Plaintiffs the true nature and condition of K & W and matters that would or could affect the benefits under the K & W ESOP. Defendants' failure to disclose to Plaintiffs matters that Defendants had a duty to represent constitute knowing concealment.

¶ 61. The misrepresentations and concealment concerned material facts.

¶ 62. The false representations and concealment were made knowingly and recklessly.

¶ 63. Plaintiffs reasonably relied upon the misrepresentations and concealment and have suffered damages as a result thereof.

¶ 64. Defendants' misrepresentations and concealment were made willfully, wantonly and in bad faith with the desire to deceive Plaintiffs at the expense of Plaintiffs' retirement security.

(Pls.' Compl. at 13).

Federal Rule of Civil Procedure 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." More specifically, this court requires a complaint alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *In re Edmonds,* 924 F.2d 176, 180 (10th Cir.1991). The purpose of Rule 9(b) is to afford a defendant fair notice of any fraud claims and the factual ground upon which those claims are based. *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir.), *cert. denied* 531 U.S. 926, 121 S.Ct. 302, 148 L.Ed.2d 242 (2000).

Plaintiffs contend that they have complied with the notice requirements, particularly in light of the relaxed standards in cases of corporate fraud where a plaintiff cannot be expected to have personal knowledge of the facts constituting the wrongdoing. However, "this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *United States v. Coastal Healthcare Group, Inc.,* No. 99–3105, 2000 WL 1595976, at *3 (10th Cir. Oct. 26, 2000) (citing *Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir.1997)).

In addition to paragraphs 59 through 64, the court has reviewed the entire complaint, paying close attention to Counts I and II, to determine whether plaintiffs' fraud allegations are sufficient under Rule 9(b). After careful consideration, the court finds that plaintiffs' allegations do not state a claim for fraud with sufficient particularity. In so finding, the court looks to *Koch v. Koch Industries, Inc.,* wherein the Tenth Circuit held:

> The statement that the alleged misrepresentations were made "during 1982 and continuing to the present time" does not alert the Defendants to a sufficiently precise time frame to satisfy Rule 9(b). Furthermore, paragraph twenty-two fails to mention at all the place at which any misrepresentations were made. In addition, this paragraph specifies nothing about the content of the alleged misrepresentations, instead reciting a general statement that the Defendants "fail[ed] to disclose the existence, location, ownership, condition and true value of [KII] assets and property." Finally, paragraph twenty-two failed to identify any specific Defendant who made these alleged fraudulent misrepresentations or omissions, a particularly important requirement in this case because of the number of individual defendants involved.

203 F.3d at 1237. The facts alleged in the present case are similar to those alleged in *Koch.* Plaintiffs allege the misrepresentations were made "during their employment." Such a time frame is not sufficiently precise to satisfy Rule 9(b), especially in light of plaintiffs' allegation that "[p]laintiffs commenced employment with defendant K & W in various years with times of service ranging from a few months to in excess of fifteen years." (Pls.' Compl ¶ 35). Moreover, plaintiffs allege that the misrepresentations include, but are not limited to, those representations "made in meetings of employees." Plaintiffs fail to disclose the date or the place(s) at which such meetings were held. Furthermore, plaintiffs assert that the defendants "failed to disclose to Plaintiffs the true nature and condition of K & W and matters that would or could affect the benefits under the K & W ESOP." Looking to Counts I and II, plaintiffs also assert, *inter alia,* that the defendants "failed to provide information regarding offers to purchase the assets of K & W and/or the K & W ESOP," "failed to provide information regarding the financial condition of K & W and the K & W ESOP," and provided "false or misleading information to employees regarding corporate and K & W ESOP assets." (Pls.' Compl. ¶¶ 43(a),(b), & (f) and 49(a)(b), & (f)). Like the allegations set forth in *Koch,* plaintiffs set forth only a general statement that the defendants failed to provide information or provided false or misleading information. Such allegations do not satisfy plaintiffs' burden to specify the content of the alleged misrepresentations. Rather, plaintiffs should describe the statements with particularity or identify documents or other communications which may contain the statements. Additionally, plaintiffs should specifically allege the facts which the statements misrepresented or failed to disclose. *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997) Finally, plaintiffs' complaint fails to set forth which defendants made which alleged misrepresentations, except that Count I is asserted only against defendant Renald Eden, the plan trustee. Rule 9(b) requires that the pleadings give notice to the defendants of the fraudulent statements for which they are alleged to be responsible. *Id.* at 1253. Plaintiffs have failed to satisfy this requirement.

In sum, the manner in which plaintiffs have pled leaves the defendants collectively and individually to speculate on the who, when, where, and what regarding the alleged

misrepresentations. Accordingly, the court grants defendants' motion for plaintiffs to plead their fraud claim, specifically Count IV, with more particularity.

■ Defendants also argue that plaintiffs have failed to plead with particularity their claim for negligent representation. In their complaint, plaintiffs allege:

¶ 70. Defendants, in the course of their business and administration of the K & W ESOP plan, failed to exercise reasonable care and competence in communicating to Plaintiffs information that Defendants knew or should have known would be justifiably relied upon by Plaintiffs.

¶ 71. Defendants negligently supplied information to Plaintiffs that was false.

(Pls.' Compl. at 14).

■ However, in the District of Kansas, Rule 9(b) does not apply to claims of negligent misrepresentation. *Black & Veatch Int'l Co. v. Wartsila NSD N. Am.,* No. Civ. 97–2556–GTV, 1998 WL 264738, at *3 (D.Kan. May 21, 1998) ("Fed.R.Civ.P. 9(b) does not require greater specificity with regard to [negligent representation] claims."); *Continental Bank, N.A. v. Caton,* No. 88–1611–C, 1990 WL 129452, at *12 (D.Kan. Aug. 6, 1990) ("The particularity requirements for a fraud pleading under Fed. R.Civ.P. 9(b) are not applicable to a negligent misrepresentation claim."). Accordingly, applying the requirements of notice pleading, the court finds plaintiffs have sufficiently pled a claim for negligent misrepresentation. Defendants' motion to plead with particularity is denied on this issue.

• Motion for More Definite Statement

Defendants argue that they are entitled to a more definite statement with regard to paragraph 43, in which plaintiffs attempt to assert a claim for breach of fiduciary duty by a trustee; paragraph 49, in which plaintiffs attempt to assert a claim for breach of fiduciary duty by officers, directors, and ESOP committee members; paragraphs 59–64, in which plaintiffs attempt to assert a claim for fraudulent misrepresentation; and paragraph 71, in which plaintiffs attempt to assert a claim for negligent misrepresentation.

■ A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. *Resolution Trust Corp. v. Thomas,* 837 F.Supp. 354, 355 (D.Kan.1993). A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.

■ The court already has ordered plaintiffs to plead with more particularity their claims for fraudulent misrepresentation set forth in paragraphs 59–64. With respect to the remaining paragraphs at issue, and upon review of those paragraphs, the court finds that plaintiffs' allegations are sufficient to enable defendants to frame a responsive pleading. The claims are not so vague and ambiguous as to require a more definite statement and, accordingly, defendants' motion is denied with respect to paragraphs 43, 49, and 71.

• Motion to Strike Request for Jury

■ Defendants move the court to strike plaintiffs' demand for a jury trial. Defendants correctly point out that the Tenth Circuit, as have all other Circuits which have addressed the issue, holds that no jury right attaches to ERISA claims. *Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156, 1162 (10th Cir.1998). Plaintiffs do not dispute this legal proposition, but instead ask the court to preserve the jury demand for any claims which may arise later for which a jury trial is permissible.

At this point, plaintiffs have not alleged any claims which are entitled to be heard by a jury. As such, the court hereby strikes plaintiffs' demand for a jury trial.

• Motion to Strike Claim for Extra Contractual Damages

Plaintiffs allege in their complaint that they suffered damages, including emotional distress, suffering, and mental anguish. In their prayer for relief, plaintiffs request the court to award "punitive and/or extra contractual damages as provided by law." (Pls.' Compl. at 18). Defendants move to dismiss plaintiffs' claims for extra contractual and punitive damages.

The Supreme Court has held that extra contractual and punitive damages are not recoverable under ERISA. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Plaintiffs do not disagree and, in fact, represent to the court that they seek only the remedies authorized by ERISA under 29 U.S.C. §§ 1109 & 1132. Plaintiffs argue, however, that it is too early in the litigation to determine the nature and extent of the damages they sustained.

Defendants contend that, so long as these claims for damages remain in the lawsuit, they will be required to expend time, energy, and expense to investigate and discover the basis and evidence which support such recovery or elect, at their peril, to not pursue discovery on those issues. The court agrees that defendants would be unfairly prejudiced if plaintiffs' claims for extra contractual and punitive damages remain part of this lawsuit. If plaintiffs later determine they have a cause of action permitting extra contractual or punitive damages, they may, if the requirements under Fed.R.Civ.P. 15 are met, bring those claims and request the appropriate damages in an amended complaint. As it stands now, plaintiffs are not entitled to any such relief. Accordingly, the court hereby dismisses plaintiffs' claims for extra contractual and punitive damages.

---

1. Defendants, in the present motion, rely solely on Rule 23(b) in arguing that class action status is inappropriate. Defendants state for the record that, for purposes of this motion, defendants do not address whether plaintiffs' proposed class action meets the requirements of Rule 23(a) and expressly reserve the right to challenge class action certification under Rule 23(a).

2. Subsection (a) of Rule 23 provides:

• Motion to Dismiss Plaintiffs' Class Action Claim

Plaintiffs have brought this lawsuit as a class action. Defendants argue that plaintiffs' proposed class action cannot, as a matter of law, meet the requirements for class certification.

In determining whether a lawsuit is properly maintainable as a class action, the court looks to Federal Rule of Civil Procedure 23. In particular, defendants direct the court to subsection (b)(3) of Rule 23, the subsection upon which plaintiffs rely in seeking class certification, and argue that plaintiffs' class action does not meet those requirements.[1] Rule 23(b)(3) provides:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied,[2] and in addition . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3) (footnote added).

Defendants assert that the court can determine from the face of the complaint that

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

class certification in this case is not appropriate. Specifically, defendants contend that common issues do not predominate over issues affecting the individual class members and that a class action would not be a superior method of adjudicating the controversy. The court finds that, at this stage in the litigation, a determination on the merits of class certification is premature. In other words, accepting as true all well pleaded facts, the complaint sufficiently sets forth a basis for class certification.

The essence of plaintiffs' claims are that the defendants, individually and collectively, engaged in numerous acts that had the effect of diminishing the value of the K & W ESOP. The complaint alleges that each plaintiff was or had been an employee of K & W and had an interest in the K & W ESOP. Thus, the complaint sufficiently alleges that common issues predominate over issues affecting the individual class members. Moreover, there is nothing from the face of the complaint for this court to determine that a class action would not be superior method for adjudication. Accordingly, defendants' motion to dismiss plaintiffs' request for class certification is denied at this juncture.

IT IS THEREFORE ORDERED that defendants' Motion to Plead with Particularity, for More Definite Statement, Motion to Strike, and Motion to Dismiss (Doc. 5) is granted in part and denied in part. Specifically, the court orders plaintiffs to plead with more particularity the fraud claim set forth in Count IV. The court denies defendants' motion for more definite statement with regard to paragraphs 43, 49, and 71, in which plaintiffs assert a claim for breach of fiduciary duty by a trustee, breach of fiduciary duty by officers, directors, and ESOP committee members, and negligent misrepresentation, respectively. The court grants defendants' motion to strike plaintiffs' demand for a jury trial and defendants' motion to strike plaintiffs' claims for extra contractual damages. Finally, the court denies defendants' motion to dismiss plaintiffs' class action claim.