**Floyd C. COBURN, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, et al.,**
**Defendants.**

No. 1:03–CV–075.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

June 5, 2003.

Gerald M. McNerney, Butler, IN, for Floyd C. Coburn, Plaintiff.

Michael E. Heffernan, Brenner Brown Golian & McCaffrey, Philip F. Brown, Brenner Brown Golian & McCaffrey, Columbus, OH, for Continental Casualty Company, of Illinois, Nucor Corporation, Defendants.

## MEMORANDUM OF DECISION AND ORDER

COSBEY, United States Magistrate Judge.

This matter is before the court on Continental Casualty's April 3, 2003 "Motion to Strike Plaintiff's Request for Jury Trial" and Floyd Coburn's ("Coburn") "Request for Jury Trial," filed on March 18, 2003, each concerning Coburn's claim for long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* For the reasons provided below, the mo-

tion to strike Coburn's request for a jury will be granted.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2003, Coburn initiated this suit against Continental Casualty alleging that it denied disability benefits due to him in violation of ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), and he later submitted a "Request for Jury Trial."

On April 3, 2003, Continental Casualty filed the instant "Motion to Strike Plaintiff's Request for Jury Trial," arguing that because the Seventh Circuit has found that only equitable remedies are available under § 1132(a)(1)(B), Coburn has no right to a jury trial. (Mot. to Strike at 6–8).

Coburn filed a response brief on April 17, 2003 (erroneously titled "Memorandum in Opposition to Motion to Dismiss"), in which he concedes that there is generally no right to a jury "as most actions under ERISA are considered equitable in nature," (Pl.'s Resp. Br. at 1), but claims that this case is different, relying on a concurring opinion in *Midwest Security Life Ins. v. Stroup,* 730 N.E.2d 163, 169–71 (Ind. 2000) (Boehm, J., concurring).

## II. DISCUSSION

■ Because the Constitution affords litigants the right to a jury trial on legal claims (but not equitable ones), the critical issue here is whether § 1132(a)(1)(B) allows for equitable or legal relief. *Wardle v. Cent. States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 828 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The general rule in the Seventh Circuit is that a claim for relief under § 1132(a)(1)(B) is considered equitable. *Id.* at 829. In *Wardle,* the plaintiff sued under ERISA to collect retirement benefits under a pension plan. After analyzing § 1132(a)(1)(B) and

its history, the Seventh Circuit concluded that "Congress' silence on the jury right issue," in addition to the equitable nature of the statute's remedies, means that there is no right to a jury. *Id.* at 829–30. Thus, when relief is sought under § 1132(a)(1)(B), the relief is considered equitable, meaning that there is no right to a jury trial, *id.*, a view shared by every circuit to consider the issue. *See, e.g., Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156 (10th Cir.1998); *Sullivan v. LTV Aero. & Defense Co.,* 82 F.3d 1251, 1258 (2d Cir.1996); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1323–24 (5th Cir. 1994), *cert. denied,* 514 U.S. 1066, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649–50 (3d Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990); *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1566–67 (11th Cir. 1987); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re Vorpahl,* 695 F.2d 318 (8th Cir.1982).

Nevertheless, Coburn attempts to distinguish this case from *Wardle* by arguing that (1) it arises under an accident and health plan—as opposed to a pension plan like in *Wardle*—and (2) the standard of review is *de novo*.[1] Of course, neither factor was present in *Wardle,* and, according to Coburn, this makes his case akin to a breach of contract, for which legal remedies are available. To make this argument, Coburn relies on Justice Boehm's concurring opinion in *Stroup,* which proposes that ERISA claims that are similar to breach of contract claims should be eligible for legal relief. *Stroup,* 730 N.E.2d at 169–70. In addition, there are a few federal district courts, none within the Seventh Circuit, that support the theory that some § 1132(a)(1)(B) claims are so closely related to breach of contract actions that they should be considered legal in nature. *See, e.g., Hulcher v. United Behavioral Sys.,* 919 F.Supp. 879 (E.D.Va. 1995); *Dawes v. First Unum Life Ins. Co.,* 851 F.Supp. 118 (S.D.N.Y.1994); *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of America v. Midland Steel Prod. Co.,* 771 F.Supp. 860, 863–65 (N.D.Ohio 1991); *Rhodes v. Piggly Wiggly Alabama Dist. Co.,* 741 F.Supp. 1542 (N.D.Ala.1990); *Steeples v. Time Ins. Co.,* 139 F.R.D. 688 (N.D.Okla.1991); *McDonald v. Artcraft Elec. Supply Co.,* 774 F.Supp. 29 (D.D.C.1991); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882, 885 (S.D.N.Y.1990); *Gangitano v. NN Investors Life Ins. Co.,* 733 F.Supp. 342 (S.D.Fla.1990).

■ Despite Coburn's argument, the exception he proposes is untenable under Seventh Circuit law. The Seventh Circuit has never recognized an exception in an ERISA case involving the denial of benefits under an accident and health plan nor has the court recognized an exception for *de novo* standard of review claims. In fact, the analysis in *Wardle* was reaffirmed in *Brown v. Ret. Comm. of the Briggs & Stratton Ret. Plan,* 797 F.2d 521 (7th Cir. 1986), where the plaintiff, like Coburn here, made a disability claim under § 1132(a)(1)(B) and requested a jury trial. Although the court could have distinguished the case from *Wardle,* which actually dealt with a claim for retirement benefits and thus was more closely analogous to a trust situation than a contract, the court reaffirmed the over-arching tenet expressed in *Wardle* and denied a jury trial. *Brown,* 797 F.2d at 527.

1. Continental Casualty concedes that the *de novo* standard applies.

Moreover, although a small minority of district courts outside the Seventh Circuit have recognized an exception in *de novo* review claims, no court within the Seventh Circuit has adopted such a view. In fact, in *Roeder v. ChemRex Inc.*, 863 F.Supp. 817 (E.D.Wis.1994), the district court, following *Wardle*, struck a jury request in a § 1132(a)(1)(B) case even though the standard of review was *de novo.* 863 F.Supp. at 822–23. Simply stated, there is no exception in the Seventh Circuit that allows for a jury trial in a § 1132(a)(1)(B) case.

## CONCLUSION

For the foregoing reasons, Continental Casualty's motion to strike the Plaintiff's demand for jury trial is GRANTED.