**GSA EMPLOYER'S WELFARE TRUST FUND, Plaintiff,**

v.

**Greg and Patricia KRAUS, Individually and as Parents and Natural Guardians of Jonathan Kraus, A Minor. Defendants.**

No. CIV.A. 03–2534–CM.

United States District Court, D. Kansas.

June 7, 2004.

Michael D. Pospisil, Bryan Cave LLP, Kansas City, MO, for Plaintiff.

Gerald W. Scott, Mark A. Scott, Wichita, KS, Defendants.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff sued defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, seeking to enforce a third-party recovery provision in the GSA Employer's Welfare Trust Fund, in which defendants were participants. This matter comes before the court on Plaintiff's Motion to Strike Defendants' Demand for Jury Trial (Doc. 9).

### I. Seventh Amendment Right to a Jury Trial

■ The Seventh Amendment guarantees the right of trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court interprets "Suits at common law" to be suits where *legal* rights are at issue as opposed to suits in which *equitable* rights are advanced and *equitable* remedies administered. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347–48, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998) (citing *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 3 Pet. 433, 7 L.Ed. 732 (1830)); *see also Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1159 (10th Cir.1998). The distinction between legal and equitable rights depends on whether the action is the same as, or analogous to, a cause that would historically have been brought before an English court of law; or, instead, if the action would have customarily been heard by English courts of equity. *Feltner*, 523 U.S. at 348, 118 S.Ct. 1279 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). In practice, "the most important factor is whether the remedy sought is legal or equitable in nature." *Adams*, 149 F.3d at 1159 (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (citing *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. 2782)).

### II. Analysis

#### A. Whether the Right to a Jury Trial Extends to ERISA

■ Plaintiff first moves to strike defendants' request for a jury trial on the grounds that ERISA claims cannot be tried to a jury.

As plaintiff correctly points out, this court has held that, according to the Tenth Circuit and all other Circuits that have considered the issue, no jury right attaches to ERISA claims. *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D.Kan.2002) (citing *Adams*, 149 F.3d at 1162); *see also Zimmerman v. Sloss Equip., Inc.*, 835 F.Supp. 1283, 1292 (D.Kan.1993) (" 'The clear weight of authority is against allowing jury trials in ERISA matters. Eight federal circuit courts have ruled that jury trials under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), are not required by the Seventh Amendment because the remedy provided is equitable in nature.' " (quoting *Steeples v. Time Ins. Co.*, 139 F.R.D. 688, 689 (N.D.Okla.1991) (numerous citations omitted))).

Defendants first state that plaintiff incorrectly asserts that its claims are being brought under ERISA. Without more, the basis of defendants' assertion is unclear as plaintiff's cause of action and claims for relief all arise under ERISA. Indeed, from a review of plaintiff's complaint, the court cannot identify any legal theory, other than under ERISA, asserted by plaintiff.

Defendants also argue that the cases that plaintiff cites in which courts have

denied requests for jury trials in ERISA matters can be distinguished. In particular, defendants contend that the cited cases all involved claims for ERISA benefits under § 1132(a)(1)(B), which is not at issue in the matter at hand.

The court does not ·find dispositive the fact that plaintiff, as the employee benefit plan rather than an individual beneficiary, is empowered to bring suit under a different subsection of § 1132, particularly since defendants have not cited case law demonstrating that fact. Thus, the court examines the most important factor: whether the relief sought is legal or equitable in nature. *See Adams,* 149 F.3d at 1159.

### B. Legal or Equitable Relief

Plaintiff asserts that it seeks only equitable relief in the form of a constructive trust, an equitable lien, and specific performance, which precludes defendants' right to a jury trial. Defendants contend that plaintiff is attempting to mislabel claims for legal relief as ones for equitable relief in contravention of *Great–West Life & Annuity Insurance Company v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, · 151 L.Ed.2d 635 (2002).

▪ An award for money damages cannot necessarily be characterized as legal relief. *Pegg v. Gen. Motors Corp.,* 793 F.Supp. 284, 286 (D.Kan.1992) (citing *Terry,* 494 U.S. at 570, 110 S.Ct. 1339). The legal or else equitable nature of a recovery depends upon whether the purpose of the award is to grant compensatory or restitutionary relief. *Adams,* 149 F.3d at 1162. Further, "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable" in nature. *Terry,* 494 U.S. at 571, 110 S.Ct. 1339 (quoting *Tull v. United States,* 481 U.S. 412, 424, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)).

In *Great–West* the Supreme Court analyzed the distinction between legal and equitable relief in the context of ERISA claims. In *Great–West,* Janette Knudson suffered severe injuries as a result of a car accident. Due to her husband's employment, Knudson was a beneficiary under an ERISA health plan, which paid $411,157.11 of her medical expenses. Under an agreement with the plan, Great–West provided stop-loss insurance for claims in excess of $75,000. Knudson negotiated a $650,000 settlement with the tortfeasor, which allocated $256,745.30 to a special needs trust for Knudson's medical care, $373,426 to her attorneys, $5,000 to reimburse the California Medicaid program, and $13,828.70 to satisfy Great–West's claim under the reimbursement provision of the plan. Great–West never cashed the check, but it filed suit in federal court, seeking injunctive and declaratory relief to enforce the reimbursement provision of the plan. *Great–West,* 534 U.S. at 207–08, 122 S.Ct. 708.

▪ The Court concluded that a plaintiff historically pursued a right to restitution at *law* where the plaintiff could not assert title or right to possession of certain property, but instead sought a judgment imposing personal liability on the defendant to pay a sum of money. *Id.* at 213, 122 S.Ct. 708. Conversely, a plaintiff sought a right to restitution at *equity* where money or property belonging to the plaintiff could be traced to particular funds or property in the defendant's possession. *Id.* Thus, as United States District Court Judge Vratil has explained, whether an action is equitable in nature depends on the location of the disputed funds at the time of the suit. *Admin. Comm. of Wal–Mart Assocs. Health and Welfare Plan v. Willard,* 302 F.Supp.2d 1267, 1275 (D.Kan. 2004) (citing *Admin. Comm. of Wal–Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco,* 338 F.3d 680, 687 (7th Cir.2003); *Westaff (USA) Inc. v. Arce,* 298 F.3d 1164, 1167 (9th Cir.2002), *cert. denied,* 537 U.S. 1111, 123 S.Ct. 901, 154 L.Ed.2d 784 (2003); *Bauhaus USA, Inc. v.*

*Copeland,* 292 F.3d 439, 445 (5th Cir.2002); *Wellmark, Inc. v. Deguara,* 257 F.Supp.2d 1209, 1216 (S.D.Iowa 2003)). That is, if the plan beneficiary does not have possession of the disputed proceeds, the plan generally cannot seek equitable relief to recover the proceeds. *Id.* (citing *Pan–Am. Life Ins. Co. v. Bergeron,* 82 Fed.Appx. 388, 391–92 (5th Cir.2003); *Westaff,* 298 F.3d at 1167; *Bauhaus,* 292 F.3d at 445).

The facts of the present case closely parallel those in *Great–West.* Here, Jonathan Kraus, the minor son of defendants Greg and Patricia Kraus, was injured in a car accident at the time that his parents were participants in plaintiff's ERISA health care plan. The plan paid the costs for Jonathan's medical injuries as well as other fees. Defendants negotiated a settlement with the third-party tortfeasor, which, after attorneys' fees and costs, allocated $72,602.07 to Southwest National Bank as conservator of Jonathan. Plaintiff now seeks to enforce the reimbursement provision of the plan.

From the facts set forth by the parties, it appears to the court that Jonathan's allocation is controlled by the conservator. Therefore, just as in *Great–West* where the beneficiary's allocation was placed in a special needs trust, the proceeds of Jonathan's settlement are not in defendants' possession. *See also Westaff,* 298 F.3d at 1167 (settlement proceeds placed in escrow account); *Bauhaus,* 292 F.3d at 445 (settlement proceeds placed in court registry). Thus, the court concludes that plaintiff's attempt to enforce the reimbursement provision of the plan cannot be characterized as equitable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendants' Demand for Jury Trial (Doc. 9) is denied.